UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| JESUS FLORES-RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. L-13-CV-38 |
| | § | |
| CUSTOMS & BORDER PROTECTION | § | |
| OFFICERS 1 - 100 | § | |
| | § | |
| Defendants. | § | |

### ANSWER OF DEFENDANTS
### TO PLAINTIFF'S PRO SE COMPLAINT FOR DAMAGES

COME NOW Defendants, Customs and Border Protection Officers 1 - 100, by and through the United States Attorney for the Southern District of Texas, and respectfully file this Answer to Plaintiff Jesus Flores-Rivera's Pro Se Complaint for Damages (hereinafter "Original Complaint"), and respectfully answer as follows:

1.  The Defendants do not have sufficient knowledge or information to admit or deny the allegations contained in the first paragraph of Plaintiff's Original Complaint.

2.  The Defendants do not have sufficient knowledge or information to admit or deny the allegations contained in the second paragraph of Plaintiff's Original Complaint.

3.  The allegations contained in paragraph 3 of Plaintiff's Original Complaint involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

4.  The allegations contained in paragraph 4 of Plaintiff's Original Complaint involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

5. The allegations contained in paragraph 5 of Plaintiff's Original Complaint involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny that Plaintiff is entitled to any relief in this suit whatsoever.

## **COUNT I.**

6. Paragraph 6 of Plaintiff's Original Complaint merely incorporates the preceding paragraphs 1 through 4 of said complaint, and therefore requires no answer.

7. As to the allegations contained in paragraph 7 of Plaintiff's Original Complaint, the Defendants admit that Plaintiff was taken into custody on May 20, 2011 near Hebbronville, Texas for illegally entering the United States, and deny that they assaulted Plaintiff. The remaining allegations contained in said paragraph involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

8. As to the allegations contained in paragraph 8 of Plaintiff's Original Complaint, the Defendants deny that they assaulted Plaintiff or subjected him to cruel and unusual punishment. The remaining allegations contained in said paragraph involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

9. As to the allegations contained in paragraph 9 of Plaintiff's Original Complaint, the Defendants deny that they assaulted Plaintiff because he was an alien who entered illegally into the United States. The remaining allegations contained in said paragraph involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

10. The allegations contained in the first sentence of paragraph 10 of Plaintiff's Original Complaint involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

   A. As to the allegations contained in subparagraph A of said paragraph, the Defendants deny that Plaintiff was pulled over by CBP Officers, that Plaintiff was then questioned by Defendants, and that Plaintiff was "sprayed on his eyes with gas". The remaining allegations contained in said subparagraph involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

   B. As to the allegations contained in subparagraph B of said paragraph, the Defendants deny that they "falsely accused Plaintiff of attempting to flee". The remaining allegations contained in said subparagraph involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

   C. As to the allegations contained in subparagraph C of said paragraph, the Defendants deny that they "falsely stated in the subject report that Plaintiff attempted [to] evade Defendant[s]". Defendants admit that Plaintiff was taken into custody by the U.S. Border Patrol, but deny the circumstances under which Plaintiff claims he was arrested. The remaining allegations contained is said subparagraph involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

## CAUSE OF ACTION

11. Paragraph 11 of Plaintiff's Original Complaint merely incorporates the preceding paragraphs 1 through 10 of said complaint, and therefore requires no answer.

12. The allegations contained in paragraph 12 of Plaintiff's Original Complaint involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny that they used unreasonable force against Plaintiff.

13. As to the allegations contained in paragraph 13 of Plaintiff's Original Complaint, the Defendants deny that they sprayed anything in Plaintiff's eyes, that they deprived him of medically necessary health treatment, and that they falsified reports pertaining to his arrest. The remaining allegations contained in said paragraph involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

14. As to the allegations contained in paragraph 14 of Plaintiff's Original Complaint, the Defendants deny that they falsified evidence, submitted false reports, and offered perjured testimony to insure that Plaintiff would be wrongfully charged. The remaining allegations contained in said paragraph involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

15. As to the allegations contained in paragraph 15 of Plaintiff's Original Complaint, Defendants deny that the U.S. Border Patrol has customs and practices which permit and encourage their agents to arrest persons without probable cause, to plant evidence, to falsify reports, and to present perjured testimony to ensure wrongful convictions. The remaining allegations contained in said paragraph involve conclusions of law to which an

answer is not required. To the extent that an answer is required, Defendants deny such allegations.

16. The allegations contained in paragraph 16 of Plaintiff's Original Complaint involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

17. The allegations contained in paragraph 17 of Plaintiff's Original Complaint involve conclusions of law to which an answer is not required. To the extent that an answer is required, Defendants deny such allegations.

18. The final unnumbered paragraph of Plaintiff's Original Complaint constitutes Plaintiff's prayer for relief to which an answer is not required. To the extent that an answer is required, the Defendants deny the prayer for relief. Defendants specifically deny that they violated Plaintiff's civil rights. Except as admitted above, the Defendants deny each of the factual averments upon which the Plaintiff relies.

## **AFFIRMATIVE DEFENSES**

In accordance with Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, the Individual Federal Defendants hereby assert the following affirmative defenses:

1. This Court is without jurisdiction to consider the allegations contained in Plaintiff's Original Complaint.

2. Plaintiff's Original Complaint fails to state a claim for which relief may be granted.

3. The Defendants are entitled to qualified official immunity regarding any constitutional torts raised in Plaintiff's Original Complaint.

4. The Defendants are entitled to absolute immunity regarding any common law torts Plaintiff has alleged they committed while under the scope of their office or federal employment. 28 U.S.C. § 2679(b)(1).

5. Any actions taken in this case by the Defendants were based upon probable cause and/or good faith.

6. To the extent that any force was used by the Defendants in this case, the Defendants used only such force as they believed necessary under the circumstances.

7. The injuries and damages alleged in Plaintiff's Original Complaint were not proximately caused by or contributed to by any negligent or wrongful act or omission of the Defendants.

8. Plaintiff was contributorily negligent and/or was responsible for the chain of events which led to any injuries which he may have suffered in the incident in question.

9. Plaintiff's injuries and damages, if any, were caused by his own negligent acts or omissions, wrongdoing, or failure to exercise due care.

10. Plaintiff's claims are barred or diminished as a result of his negligent acts or omissions, wrongdoing, and/or failure to exercise reasonable care in mitigating his damages.

WHEREFORE, the Defendants pray that the Plaintiff's Original Complaint be dismissed or that upon final trial or hearing hereof that judgment be entered that Plaintiff take nothing, for costs of Court and for such other and further relief to which the Defendants may be entitled.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY


"S/" Hector C. Ramirez_____
HECTOR C. RAMIREZ
Assistant United States Attorney
State Bar I.D. #16501850
Fed. Adm. #18155
1100 Matamoros St., Second Floor
P.O. Box 1179
Laredo, Texas 78040
Tel.: (956) 723-6523
Fax: (956) 726-2266
ATTORNEY IN CHARGE FOR
DEFENDANTS

Case 5:13-cv-00038 Document 15 Filed in TXSD on 11/04/13 Page 8 of 8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **ANSWER OF DEFENDANTS TO PLAINTIFF'S PRO SE COMPLAINT FOR DAMAGES** in the case of <u>JESUS FLORES-RIVERA v. CUSTOMS AND BORDER PROTECTION OFFICERS 1 - 100</u>, Civil Action Number L-13-CV-38, was mailed to Jesus Flores-Rivera, Pro Se, at his last known address: Jesus Flores-Rivera, Reg. No. 08602-023, Giles W. Dalby C.F., 805 North Avenue F., Post, Texas 79356, on this the 4th day of November, 2013.

"S/" Hector C. Ramirez
HECTOR C. RAMIREZ
Assistant United States Attorney